IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MARC A. TAYLOR, DG-2896,       )
      Petitioner,             )
                           )
         v.               )   2:13-CV-1732
                           )
BRIAN THOMPSON, et al.,        )
      Respondents.          )


REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition of Marc A. Taylor for a writ of habeas corpus (ECF.1) be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.


II.  Report:

Marc A. Taylor in inmate at the State Correctional Institution at Mercer has presented a petition for a writ of habeas corpus. Taylor was sentenced on May 23, 1997 to three consecutive 7 ½ to 20 year periods of incarceration following his entry of guilty pleas to three charges of aggravated assault with serious bodily injury at Nos. CP-37-CR268-1997, CP-37-CR-687-1996 and CP-37-CR-689-1996 in the Court of Common Pleas of Lawrence County, Pennsylvania. These sentences had a minimum release date of May 12, 2004 and a maximum expiration date of November 12, 2016.[1] It is not the convictions which the petitioner seeks to challenge here but rather the actions of the Pennsylvania Board of Probation and Parole ("the Board") in subsequently re-incarcerating him as a technical parole violator to serve the balance of his maximum sentence.

> It is provided in 28 U.S.C. §2254(a) that:
>
> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

---

[1]  See: Petition and Exhibit 1 to the answer.

On March 23, 2004, parole was denied.[2] On May 4, 2005, parole was authorized.[3] On December 2, 2005, petitioner was declared delinquent and on July 5, 2006, he was recommitted as a technical parole violator to serve 18 months backtime. His maximum sentence was extended to December 28, 2016.[4] On October 3, 2007, the prior decision was modified to delete the maximum date and a new formal decision was entered on November 28, 2007 reflecting this recommitment.[5] Release was denied on March 28, 2008, April 13, 2009 and April 22, 2010 with a maximum sentence expiration date of December 28, 2016.[6] Reparole was authorized on May11, 2011 with a maximum expiration date of December 28, 2016.[7] On July 5, 2012, Taylor was again recommitted as a technical parole violator to serve 12 months backtime with the same maximum expiration date and declared *ineligible* for reparole until April 27, 2013.[8] Release was again denied on February 22, 2013 and September 23, 2013.[9] As a result the petitioner continues in custody and contends that the actions of the Board violate his due process rights.

In support of his petition, Taylor essentially contends he is entitled to relief as a result of his being denied reparole; being sentenced to serve an additional twelve months as a result of a parole violation and being incarcerated as a technical parole violator to serve a period of incarceration of four years and eight months.

The present matter can be resolved on the grounds that the petitioner was not denied due process when his reparole was denied. The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of release but rather has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's past conduct

---

[2] See: Exhibit 2 to the answer.
[3] See: Exhibit 3 to the answer.
[4] See: Exhibits 4 and 5 to the answer.
[5] See: Exhibits 6 and 7 to the answer.
[6] See: Exhibits 8, 9 and 10 to the answer.
[7] See: Exhibit 11 to the answer.
[8] See: Exhibit 12 to the answer.
[9] See: Exhibits 13 and 14 to the answer.

both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." As discussed above, the petitioner has failed to demonstration any arbitrariness or capriciousness in the Board's determination but rather the record reflects that in fulfilling its charge the Board concluded that the petitioner was not a suitable candidate for parole for the reasons set forth. Indeed, the mandate of the Board is that parole *may* be granted where the best interests of the inmate justify release and it does not appear that the Commonwealth's interests would be injured by such release. 61 Pa.C.S.A. §6137(a).

Because the Board's actions were not arbitrary or capricious but rather soundly grounded in its mandate, this claim does not provide a basis for relief here.

Additionally, the relevant parole statute pertaining to technical violators, 61 Pa.C.S.A. 6138 (c)(1) and (c)(2) provides:

> (c)(1). A parolee under the jurisdiction of the board who is released from a correctional facility and who, during the period of parole, violated the terms and conditions of his parole, other than by the commission of a new crime of which the parolee is convicted or found guilty … may be recommitted after a hearing before the board…
>
> (c)(2). If the parolee is recommitted [as a technical violator] the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

See: Yates v. Pennsylvania Board of Probation and Parole, 48 A.3d 496 (Pa.Cmwlth. 2012).

In the instant case, on July 5, 2012, Taylor was reentered as a technical parole violator with credit for the time he was on parole in good standing. At that time it was determined that he should serve a minimum of twelve months before being eligible to seek parole. At no time was his sentence adjusted in any manner and the only determination was that he could not seek parole

release prior to April 27, 2013 and could conceivably remain incarcerated until the expiration of his maximum sentence on December 28, 2016. Thus, again no due process violation occurred.

Because the petitioner has not demonstrated that his continued incarceration is contrary to any determinations of the United States Supreme Court nor involved an unreasonable application of those determinations, he is not entitled to relief here. Accordingly, it is recommended that the petition of Marc A. Taylor for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: March 26, 2014